# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IRA PAUL BABIN, ET AL                    CIVIL ACTION

VERSUS                                   NUMBER 10-368-BAJ-DLD

PAM BREAUX, ET AL

## ORDER

This matter is before the court on a referral from the district court of the following motions:

1. Non-party Bobby Jindal's motion to quash a Rule 45 subpoena [for deposition duces tecum] directed to him. (rec.doc. 26) The motion is opposed. (rec.doc. 31)

2. Joint motion to take [Rule 30(b)(6)] deposition [of the office of the Louisiana Governor] out of time. (rec.doc. 30)

3. Plaintiffs' motion to compel discovery [deposition duces tecum] from Governor Piyush "Bobby" Jindal. (rec.doc. 32) The motion is opposed. (rec.doc. 37)

4. Plaintiffs' motion for leave of court to file reply memorandum in support of the motion to compel the deposition of Governor Piyush "Bobby" Jindal. (rec.doc. 38)

5. Plaintiffs' motion for leave of court to file supplemental reply memoranda in support of the motion to compel the deposition of Governor Piyush "Bobby" Jindal. (rec.doc. 40)

6. Plaintiffs' motion to compel discovery from the Louisiana Governor's Office. (rec.doc. 33) The motion is opposed. (rec.doc. 36)

## *Background*

On May 26, 2010, plaintiffs Babin and Ray filed this action, alleging that their terminations via layoff by the Louisiana Department of Culture, Recreation and Tourism were in violation of their rights under the Louisiana Constitution and the United States

Constitution. Plaintiffs identified themselves as permanent classified Civil Service employees, and alleged that they had "bumping rights" which they would have been able to successfully assert and thereby keep their jobs, but for an amendment to the Civil Service Rules in June, 2009, which served "to eviscerate the job protections of permanent state employees with respect to layoff" and "purportedly retroactively repeal" "bumping rights." (rec.doc. 1, pg. 7)   Plaintiffs asserted that the Louisiana Civil Service Commission amended the layoff rules as "part and parcel of its acquiescence to political pressure exerted by the administration of the Governor of Louisiana, Bobby Jindal . . . ." (rec. doc. 1)

In connection with these claims, plaintiffs now seek the individual deposition duces tecum of Governor Jindal, along with the Rule 30(b)(6) deposition duces of someone from the Office of the Governor.

## DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1).  However, once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery.

***Governor Jindal's Deposition***

Governor Jindal was served with a Rule 45 subpoena for his deposition duces tecum on September 28, 2011, and his deposition was noticed for October 21, 2011.  In response,

Governor Jindal filed a motion to quash the subpoena, and attested via affidavit that he had "no personal knowledge" with regard to the employment or layoffs of the plaintiffs, or with the process undertaken by the Lt. Governor to implement layoffs or reorganization in 2008 or 2009.[1]  Governor Jindal also attested that neither he nor his staff "is responsible for approving specific layoff plans for state agencies or departments" as it was a Civil Service function, and that "his office was not responsible for approving the Civil Service Commission layoff rules" at issue in plaintiffs' complaint.[2]  Governor Jindal also stated in

---

[1] The Louisiana Department of Culture, Recreation and Tourism is or was under the purview of the Lt. Governor.

[2] The Rule 45 subpoena for Governor Jindal's deposition duces tecum sought production of the following documents:

1) Any and all documents which mention the Plaintiffs, Ira Paul Babin and Thomas Ray, Jr., by name.

2) Any and all documents which mention the layoff of employees of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, from January 14, 2008 to-date (sic).

3) Any and all documents which mention the reorganization of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, and the results of reorganizations since January 14, 2008.

4) Any and all documents evidencing communications with the Governor's Office and Lieutenant Governor's Office and/or the Division of Administration, regarding the layoff of the employees of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, which occurred in June, 2009, and/or the reorganization of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, which occurred in June of 2008, and/or regarding budget issues, since January 14, 2008.

5) Any and all documents which evidence communications with Governor Bobby Jindal, individually, and/or former Lt. Governor Mitch Landrieu, individually, regarding the layoff of the employees of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, which occurred in June, 2009 and/or the reorganization of the Office of Tourism and/or Division of Arts of the Office of Cultural Development, Department of Culture, Recreation and Tourism, which occurred in June of 2009.

(rec.doc. 24, pgs 6-7)

his motion that all non-privileged documents responsive to the subpoena duces tecum were hand-delivered to plaintiff on October 14, 2011. (rec.docs. 26 & 27)

In response to the motion to quash the subpoena to Governor Jindal, plaintiffs stated that they are "simply seeking to depose Governor Jindal as a fact witness who initiated and oversaw all of the layoff procedures which have been implemented during his term." (rec.doc. 31, pg. 5) Plaintiffs argue that Governor Jindal failed to prove that the subpoena required disclosure of any protected or privileged matter, would subject him to any undue burden, or was either not relevant or of marginal relevance. Thus, given the broad scope of discovery, plaintiffs argue that just because Governor Jindal has asserted he has no personal knowledge does not mean that his deposition testimony would not lead to evidence that may be admissible at trial.

Plaintiffs next filed a motion to compel Governor Jindal's deposition duces tecum on November 29, 2011, but made no new arguments, and failed to address in specific detail the insufficiency of the documents provided by Governor Jindal (or his office) on October 14, 2011, except to say that the documents were "partially responsive." (rec.doc. 32, pg. 2) In his opposition to the motion to compel his deposition, Governor Jindal argued that plaintiffs failed to demonstrate any compelling interest for the deposition as layoff procedures are handled through Civil Service, and he has no facts to which he can testify regarding the layoff process or the circumstances of plaintiffs' layoffs. (rec.doc. 37)

In response, plaintiffs state in their reply brief[3] that:

While plaintiffs certainly realize that Governor Jindal may not have been directly involved in the operational details of the layoffs, he certainly should

---

[3] Plaintiffs have asked for leave to file a reply and a supplemental reply, which the court will grant as it has considered the arguments contained in both replies.

-4-

> be well aware of the political motivations behind the massive layoffs of state employees which have been experienced under his administration. Any information that has any tendency to prove that these layoffs were motivated by partisan political purposes should be relevant to the plaintiffs' substantive due process claims in this case.

(rec.doc. 38-2, pg. 2)

The parties also spent some time arguing over whether a non-party sitting governor may be subjected to a deposition; however, with respect to these motions, the court declines to address that contention. The issue here simply is whether or not Governor Jindal's deposition as a fact witness is relevant or could lead to relevant information. Governor Jindal raised a relevancy objection, and responded that the layoff procedures were handled through Civil Service and that he has no facts regarding either the layoff process or the circumstances of plaintiffs' layoffs. (rec. doc. 37) Plaintiffs then responded that while Governor Jindal may not have been directly involved, he "certainly should be well aware of the political motivations behind the massive layoffs."

The court finds that plaintiffs' arguments regarding Governor Jindal's alleged knowledge of the political motivations behind the purported massive layoffs are without merit. First, the court notes that plaintiffs have put forth no arguments that the documents they received were insufficient in any way, despite having been in receipt of those documents for approximately six weeks before filing their motion for leave to file the first reply brief. Plaintiffs also fail to point to any fact that would tend to show that Governor Jindal was involved in any way with the Civil Service rule changes which affected the layoff process of permanent classified Civil Service employees. Also, although plaintiffs were in receipt of the requested documents, plaintiffs did not reference any documents in their reply

-5-

Case 3:10-cv-00368-BAJ-DLD   Document 41   01/11/12   Page 5 of 9

brief or otherwise that would show Governor Jindal's involvement at any level with these layoffs or layoffs in general.

Moreover, it is plain from a reading of the Louisiana Constitution that it is the Civil Service Commission that is vested with the power to make, adopt or amend its own rules. See La. Const. Art. X, Part I, § 10. Plaintiffs have pointed to no authority that the Louisiana Governor or his office is the entity or person vested with that power, or that either is responsible for initiating or overseeing layoffs which occur in offices other than the Governor's office. Further, plaintiffs have provided no authority or argument for their position that Governor Jindal would be "well aware" of the political motivations behind the layoffs or the change in the layoff rules, or why such information is even marginally relevant.

Additionally, the court notes that in their supplemental reply brief, plaintiffs attached the transcript from the Rule 30(b)(6) deposition duces tecum of the representative from the Governor's Office as support for compelling Governor Jindal's personal deposition, but a review of the deposition transcript actually argues *against* deposing Governor Jindal with respect to these layoffs or the change in the Civil Service layoff rules. For example, plaintiffs questioned the Rule 30(b)(6) representative with regard to how much State money was saved by virtue of these particular layoffs, and the representative responded that the "Office of the Governor would not have that information" because the "Governor's Office is not involved in Civil Service layoffs or in another State-wide elected official's office." (rec.doc. 40-1, pg. 29) The representative also responded that he "would assume the Civil Service Commission or the Lieutenant Governor's office would have that information." (Id.)

Thus, while the scope of discovery is broad under Rule 26, it is not so broad as to permit Governor Jindal's deposition in this regard, given the complete lack of support or authority for plaintiffs' arguments. The court therefore will deny the motion to compel Governor Jindal's deposition and grant the motion to quash the subpoena.

*The Rule 30(b)(6) Deposition*

Moving on to plaintiffs' motion to compel discovery from the Governor's Office (the Rule 30(b)(6) deposition duces tecum)(rec.doc. 33), plaintiffs contend that the documents which were produced by the Governor's Office "failed to comply with request numbers 1 through 13," were only "partially responsive to request numbers 4, 9, and 10, and "no documents have been produced for the remaining requests." Other than these very brief statements, no other information is provided which addresses the alleged insufficiencies of the production. Further, while plaintiffs state that a privilege log was provided, plaintiffs do not challenge the privilege log entries in any way.

The court also notes that the memorandum in support of the motion reflects that it is a memorandum in support of the motion to compel Governor Jindal's deposition, not a memorandum that addresses the alleged insufficiency of the document production or the Rule 30(b)(6) deposition, which was held on November 10, 2011. Instead of filing a motion in support of their motion to compel discovery from the Governor's office, plaintiffs filed a reply brief and a supplemental reply brief to their motion to compel Governor Jindal's deposition which briefly alleged that the 30(b)(6) representative's responses to the deposition questions were "incomplete and insufficient." Plaintiffs did not specify which responses were incomplete or insufficient and instead attached the entire transcript to the unrelated supplemental reply brief. (rec.docs. 38-2, 40). Assuming, *in arguendo*, that

-7-

plaintiffs meant for their reply briefs regarding Governor Jindal's deposition to be construed additionally as a motion to compel or sanction the Governor's office for the alleged failure of its 30(b)(6) representative to properly testify, the court cannot address that contention as plaintiffs have not identified what information was known or reasonably available to the Governor's office but on which the representative failed to testify.[4] Thus, the court must deny the motion to compel discovery from the Governor's office. Also, as the Rule 30(b)(6) deposition of the Governor's office's representative already has taken place, the joint motion to take that deposition out of time is now moot and will be denied.

Accordingly,

**IT IS ORDERED** that:

1. Non-party Bobby Jindal's motion to quash a Rule 45 subpoena [for deposition duces tecum] directed to him (rec.doc. 26) is **GRANTED**.

2. The joint motion to take [Rule 30(b)(6)] deposition [of the office of the Louisiana Governor] out of time (rec.doc. 30) is **DENIED as moot**.

3. Plaintiffs' motion to compel discovery [deposition duces tecum] from Governor Piyush "Bobby" Jindal (rec.doc. 32) is **DENIED**.

4. Plaintiffs' motion for leave of court to file reply memorandum in support of the motion to compel the deposition of Governor Piyush "Bobby" Jindal (rec.doc. 38) is **GRANTED**.

5. Plaintiffs' motion for leave of court to file supplemental reply memoranda in support of the motion to compel the deposition of Governor Piyush "Bobby" Jindal (rec.doc. 40) is **GRANTED**.

6. Plaintiffs' motion to compel discovery from the Louisiana Governor's Office (rec.doc. 33) is **DENIED**.

---

[4] Federal Rule of Civil Procedures Rule 30(b)(6) states that the representative must testify about information known or reasonably available to the organization.

7. No costs or attorney's fees shall be awarded to any party or non-party.

Signed in Baton Rouge, Louisiana, on January 11, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**