## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IRA PAUL BABIN, II AND THOMAS G. RAY, JR. | CIVIL ACTION |
| VERSUS | |
| PAM BREAUX AND SCOTT HUTCHESON, IN THEIR INDIVIDUAL CAPACITIES, JAY DARDENNE, IN HIS OFFICIAL CAPACITY AS LT. GOV. OF THE STATE OF LOUISIANA AND ACTING SECRETARY OF THE LA DEP'T OF CULTURE, RECREATION AND TOURISM, AND JAMES L. HUTCHINSON, IN HIS OFFICIAL CAPACITY AS ASSISTANT SEC. OF TOURISM OF THE DEP'T OF CULTURE, RECREATION AND TOURISM. | NO.:10-00368-BAJ-RLB |

## RULING AND ORDER

Before the Court is Plaintiffs' **Motion to Alter or Amend Judgment (Doc. 87)**, filed by Plaintiffs Ira Paul Babin and Thomas Ray Jr., seeking an order from this Court to alter or amend its judgment signed and entered on April 19, 2013 (Doc. 86) that granted summary judgment in favor of the Defendants in this matter. The motion is opposed (Doc. 88). Oral argument is not necessary.

## I.     Standard of Law

A motion to alter or amend judgment "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot

be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). More importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and Defendant "cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D.Tex. June 14, 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## II.   Discussion

The Court has carefully reviewed this matter and finds that the motion should be **DENIED** for the reasons previously noted in its April 19, 2013 ruling (Doc. 86), and for the reasons advanced in the Defendants' memorandum in opposition (Doc. 88). The Court concludes that Plaintiffs fail to clearly establish either a "manifest error of law or fact" or "present newly discovered evidence" in support of their motion under Federal Rule 59(e). *Ross*, 426 F.3d at 763. Indeed, Plaintiffs have managed to rehash the same arguments originally set forth in documents relating to the motions for summary judgment. Granted, Plaintiffs certainly have the right to move the Court to alter or amend its judgment. However, a repetitive presentation of arguments does not convince the Court that a different conclusion should be reached.

As previously addressed by the Court, Mr. Babin and Mr. Ray were not deprived of any right, procedural or otherwise, to question and/or contest their layoffs. They have been afforded adequate opportunities to be heard, and all standard procedures

guaranteed by the State Civil Service process have been followed. Moreover, the evidence overwhelmingly supports the fact that they were both provided adequate and lawful reasons for the layoffs in a timely fashion. Any opportunities not taken by the Plaintiffs to openly address their layoffs cannot be blamed on the Defendants in this matter. Further, the Court continues to find that the reasons given for the layoffs are supported by concrete facts and substantiated evidence. Budget cuts and down-sizing of a department are legitimate and supportable reasons for a layoff and do not raise the brow of suspicion before the Court.

The Court has previously rejected Plaintiffs' claims that the layoff decisions were arbitrary and capricious; that Mr. Babin's termination was politically motivated; and that Mr. Ray's layoff was the result of retaliation from filing an earlier complaint against another employee. Because the Court has already adequately addressed these claims in substantial detail, it is unnecessary to offer a long discussion of these claims once again. Plaintiffs have not provided any new evidence that would prompt the Court to deviate from its original conclusion.

Finally, the Court notes Plaintiffs' assertion that the Court did not address one of Plaintiffs' contract clause claims on the merits (Doc. 87-1, at 13). After a review of the ruling and applicable law, however, the Court finds that it adequately addressed Plaintiffs' claim, as it related to the issue of "bumping rights." Regarding that actual right, the Court still finds that neither Plaintiff exercised a vested contractual right in their position under either the United States Constitution or the Louisiana Constitution. This is clearly addressed in the Court's previous ruling. The Court also

noted that, if those rights existed at *any* time, they nonetheless had no effect on the layoffs that were in place before the Civil Service Rules were amended on June 3, 2009 (Doc. 86, at 21). As Mr. Babin already admitted, the amended rules were not relied on relative to the layoffs at issue. *Id.* Mr. Ray also admitted that the layoff in his department were approved prior to the amendments, therefore having no effect. *Id.* As such, the Court finds Plaintiffs' assertion that the Court's ruling is lacking analysis, with respect to this claim, is unavailing. Plaintiffs have failed to identify any manifest errors of law and have failed to present any facts or newly discovered evidence to merit this Court's reconsideration of its judgment.

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Alter or Amend Judgment (Doc. 87)** is **DENIED**.

Baton Rouge, Louisiana, this **25th** day of November, 2013.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4